# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SISTER PHILOMENA MALVEAUX,

   Plaintiff,

   v.

CHRISTIAN BROTHERS SERVICES,

   Defendant.

Civ. Action No. 10-587 (CKK)

## MEMORANDUM OPINION
(November 30, 2010)

      Plaintiff Sister Philomena Malveaux ("Sister Philomena") has filed this breach of contract action against Defendant Christian Brothers Services ("Christian Brothers") seeking payment of benefits under an insurance contract to cover damages sustained by Sister Philomena when she was struck by an uninsured motorist in the District of Columbia. In lieu of filing an answer, Christian Brothers has filed a [4] Motion to Transfer Venue to the United States District Court for the Northern District of Illinois, which is opposed by Sister Philomena. Christian Brothers argues that transfer is warranted because venue is improper in this district and alternatively argues that the case should be transferred for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a). Upon thorough consideration of the parties' briefing and the relevant case law and statutory authority, the Court finds that venue is proper in this district and that transfer is not in the interest of justice at this time. Accordingly, the Court shall DENY Defendant's [4] Motion to Transfer Venue for the reasons explained below.

## I. BACKGROUND

      Sister Philomena Malveaux is a member of a religious order that has an insurance

agreement with Defendant Christian Brothers Services. Compl. ¶ 2. Christian Brothers does business nationally and is headquartered in Romeoville, Illinois. *Id.* ¶ 3. Christian Brothers provides automobile underinsurance benefits to over 1500 religious orders, including the one to which Sister Philomena belongs. *Id.* At the time the Complaint was filed on April 14, 2010, Sister Philomena resided in Washington, D.C. *Id.* ¶ 2.

On or about January 13, 2010, Sister Philomena was walking within a crosswalk in the District of Columbia and was struck by a car, causing her to be thrown high into the air and crash hard on the ground. *Id.* ¶ 4. Sister Philomena suffered significant injuries, including a fractured knee. *Id.* Sister Philomena was treated for her injuries at Howard University Hospital, where she had surgery performed on her knee, and after discharge she required extensive rehabilitative services. *Id.* ¶ 5. Her hospital bill totaled $66,000, with an additional $50,000 in nursing care costs. *Id.* In addition, it appears that Sister Philomena will need knee replacement surgery at an expected cost of over $45,000. *Id.*

The driver of the vehicle that struck Sister Philomena was uninsured. Sister Philomena filed a claim under her own auto insurance policy and obtained the maximum benefits of $25,000. *Id.* ¶ 6. Sister Philomena's religious order has a contract for underinsured and uninsured auto benefits for an amount up to $1 million. *Id.* ¶ 7. Sister Philomena submitted an underinsured claim to Christian Brothers seeking payment for $166,000 in medical bills, as well as additional claims for pain and suffering. *Id.* ¶ 9. However, Christian Brothers has not paid the claims.

In supporting affidavits filed with its transfer motion, Christian Brothers avers that Sister Philomena has been called on by the Congregational Leader of the Sisters of the Holy Family to

relocate to New Orleans, Louisiana to obtain medical care and recuperate. *See* Affidavit of Sister Eva Regina Martin ¶¶ 1, 6. According to the Congregational Leader, Sister Philomena has been living in Louisiana since May 2010 and will not be relocated to Washington, D.C. *Id.* ¶ 6. Christian Brothers further avers that Christian Brothers Services, Inc. is the Plan Administrator for The Religious & Charitable Risk Pooling Trust of the Brothers of the Christian Schools and Affiliates' Plan Document, which provides financial protection to the Sisters of the Holy Family for general liability claims. *See* Affidavit of Elton Sherill ¶¶ 2-3. Christian Brothers explains that the trust document provides that interpretation of the benefit plan is to be governed by Illinois law. *Id.* ¶ 4. In addition, Christian Brothers avers that decisions regarding coverage and payments involving the trust document are made by trust personnel in Illinois. *Id.* ¶ 5. According to a Liability Claim Consultant for Christian Brothers, a trial held in Washington, D.C. would substantially inconvenience witnesses for the trust. *Id.*

## II. LEGAL STANDARD AND DISCUSSION

Defendant Christian Brothers Services seeks to transfer this action to the United States District Court for the Northern District of Illinois. Christian Brothers' primary argument in favor of transfer is that venue is improper in this district pursuant to 28 U.S.C. § 1391(a). Although Christian Brothers seeks transfer rather than dismissal of this action, the Court nevertheless considers Defendant's pre-answer motion as one brought pursuant to Federal Rule of Civil Procedure 12(b)(3). If venue is improper in this district, the Court must either dismiss the case or transfer it to a court in which venue is proper. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have

3

been brought."). Alternatively, Christian Brothers argues that venue should be transferred pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses. The Court shall address each of these arguments below.

### A. *Venue Is Proper in the District of Columbia*

Defendant contends that this case must be transferred because venue is improper in this district. Venue in diversity actions is governed by 28 U.S.C. § 1391(a), which provides as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). For purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Id.* § 1391(c).

Defendant focuses its briefing on the third subsection of § 1391(a), arguing that venue is not proper under that subsection because there is another district—the Northern District of Illinois—in which the action may otherwise be brought based on personal jurisdiction. However, Defendant fails to address the first subsection of § 1391(a), which provides that venue for corporate defendants may lie in any district where they can be subject to personal jurisdiction. Defendant concedes in its brief that it does business nationally, and it does not raise any affirmative objections to this Court's exercise of personal jurisdiction in its motion. Indeed,

Defendant implicitly concedes that this Court has personal jurisdiction over it by arguing that venue is improper under § 1391(a)(3) because the Northern District of Illinois *also* has personal jurisdiction over it. By failing to raise such a defense in its pre-answer motion, Defendant has waived any claim that this Court lacks personal jurisdiction. *See* Fed. R. Civ. P. 12(h)(1); *see also Cooper v. Farmers New Century Ins. Co.*, 593 F. Supp. 2d 14, 21 (D.D.C. 2008) (finding venue proper under § 1391(a) where corporate defendant objected to venue but not personal jurisdiction in Rule 12(b)(3) motion). Moreover, D.C.'s long-arm statute explicitly provides for personal jurisdiction over claims arising from a person's "contracting to insure . . . any person . . . or risk . . . located . . . within the District of Columbia at the time of contracting . . . ." D.C. Code § 13-423(a)(6). Therefore, it appears that this Court has personal jurisdiction over Christian Brothers by virtue of its agreement to provide insurance for Sister Philomena in the District of Columbia. Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1).

Sister Philomena argues that venue is also proper pursuant to § 1391(a)(2) because a substantial part of the events giving rise to her claim—her automobile collision and subsequent medical treatment—occurred in the District of Columbia. Defendant argues that these events are irrelevant because Sister Philomena is bringing a breach of contract claim, not a tort claim, and the decisions to deny coverage were made by Defendant's agents in Illinois. Federal courts have been somewhat inconsistent in deciding how to apply § 1391(a)(2) in insurance coverage actions. Some courts have focused on the underlying events for which coverage is sought. *See, e.g.*, *Carolina Cas. Co. v. Data Broadcasting Corp.*, 158 F. Supp. 2d 1044, 1047 (N.D. Cal. 2001) ("In an insurance coverage action, to establish venue under section 1391(a)(2), a court looks to the underlying events for which coverage is sought."). Others have looked to factors such as

5

where the contract was negotiated or executed, where it was to be performed, or where the alleged breach occurred. *See Gulf Ins. Co. v. Glasbrenner*, 471 F.3d 353, 357 (2d Cir. 2005). It is possible that either venue would be proper under § 1391(a)(2). *See Clarendon Nat'l Ins. Co. v. T.M.I. Enters., LLC*, Civil Action No. 07-1637, 2008 WL 3838025, at *3 (W.D. La. Aug. 14, 2008) ("[V]enue under [§ 1391(a)(2)] *may* properly be based on underlying events, but . . . venue may *also* be based on events related to the policy at issue. The location suggested by either analysis may be a lawful venue in a declaratory action; the law no longer limits transactional venue to one proper district."). Because Christian Brothers contracted to insure Sister Philomena in the District of Columbia and she was injured in that forum, the Court finds that venue is also proper pursuant to § 1391(a)(2).

Because this Court is a proper venue for this action, the Court has no obligation to dismiss or transfer the case pursuant to 28 U.S.C. § 1406. The Court shall therefore proceed to consider whether a transfer is in the interest of justice pursuant to § 1404(a).

B.  *Transfer Is Not in the Interest of Justice*

Defendant argues that the Court should transfer this action to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court is afforded broad discretion to decide whether transfer from one jurisdiction to another is proper under 28 U.S.C. § 1404(a). *SEC v. Savoy Indus. Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1978) (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The decision to transfer is made by an "individualized, case-by-case consideration of convenience and fairness . . . ." *Van Dusen v.*

*Barrack*, 376 U.S. 612, 622 (1964). "The moving party 'bear[s] a heavy burden of establishing that plaintiff[']s] choice of forum is inappropriate.'" *S. Utah Wilderness Alliance v. Norton*, 315 F. Supp. 2d 82, 86 (D.D.C. 2004) (quoting *Pain v. United Tech. Corp.*, 637 F.2d 775, 784 (D.C. Cir. 1980)).

It is clear that this action could have been brought in the Northern District of Illinois because Christian Brothers is headquartered there. Accordingly, the only issue now before the Court is whether the relevant private and public interest factors counsel in favor of transfer. *See Greater Yellowstone Coalition v. Bosworth*, 180 F. Supp. 2d 124, 127-28 (D.D.C. 2001) (discussing the factors courts should consider in weighing a transfer under § 1404(a)). The Court shall evaluate these below.

1. Private Interests Relevant to Transfer

The Court begins by considering the private interests at stake in a transfer: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent they may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. *Greater Yellowstone Coalition*, 180 F. Supp. 2d at 127. Courts generally give considerable deference to the plaintiff's choice of forum. *S. Utah Wilderness Alliance*, 315 F. Supp. 2d at 86. Defendant argues, however, that the Court should not give significant weight to Sister Philomena's choice of forum because she no longer resides here, having relocated to New Orleans, Louisiana. It is true that the plaintiff's choice of forum is "conferred less deference by the court when [it] is not the plaintiff's home forum." *Shawnee Tribe v. United States*, 298 F.

7

Supp. 2d 21, 24 (D.D.C. 2002) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981)). But most of these cases involve plaintiffs with little or no connection to their chosen forum. *See id.* (citing cases). By contrast, Sister Philomena was a resident of this forum when she filed this action, and the underlying events giving rise to her claim occurred in this forum. Therefore, Sister Philomena's choice of forum is entitled to substantial deference notwithstanding the fact that she has subsequently moved out of the district.[1]

Defendant's choice of forum is also reasonable, as it is headquartered in the Northern District of Illinois and many witnesses and evidence relating to the insurance coverage are located there. The claim essentially arose in both fora since the automobile collision occurred in the District of Columbia and coverage was denied from the Northern District of Illinois. The convenience of the parties factor does not militate strongly in favor of either forum. Although Sister Philomena no longer resides in the District of Columbia, she has retained legal counsel here and, from her perspective, all of the events relevant to this action occurred here. It would not be more convenient for her to travel to an unfamiliar forum in Illinois than to have her return to a forum with which she is already familiar.

The parties' biggest dispute over the private interest factors is whether a transfer would be convenient for the witnesses or provide easy access to other sources of proof. Defendant argues that all the key witnesses and evidence are located in Illinois because that is where its agents made the decisions regarding the scope of coverage under the policy. By contrast, Sister

---

[1] In her opposition brief, Sister Philomena suggests that Christian Brothers pressured her religious order to relocate her to New Orleans in retaliation for this lawsuit. *See* Pl.'s Opp'n at 3. However, Sister Philomena provides no factual support for this naked assertion, and therefore the Court does not consider it.

Philomena argues that the primary issue in dispute is the extent of her damages and that the witnesses and evidence relating to damages are located in the District of Columbia. In her opposition brief, Sister Philomena contends that Christian Brothers has admitted that there is coverage for Sister Philomena's claims, and Defendant does not dispute this contention in its reply brief. Therefore, the Court assumes that the issue of damages will be the primary dispute among the parties, suggesting that the District of Columbia is a more convenient forum. Moreover, the only evidence of inconvenience in the record is a single conclusory statement from one of Christian Brothers' employees stating that a trial would substantially inconvenience witnesses located in Illinois.[2] However, Defendant has not suggested that any of its witnesses will be unavailable at a trial in the District of Columbia or shown that it will be inconvenient to produce other evidence for a trial in this forum. *See Mohammadi v. Scharfen*, 609 F. Supp. 2d 14, 18 (D.D.C. 2009) ("The convenience of the witnesses 'is considered only to the extent that the witnesses may actually be unavailable for trial in one of the fora.'" (quoting *Mahoney v. Eli Lilly & Co.*, 545 F. Supp. 2d 123, 127 (D.D.C. 2008))). Because it is unclear based on the present record whether any critical witnesses would be unavailable for trial in the District of Columbia, this factor does not weigh in favor of a transfer to the Northern District of Illinois.

In sum, the private interest factors do not weigh in favor of transfer to the Northern District of Illinois. In light of the traditional deference courts give to the plaintiff's choice of forum and the apparent likelihood that damages witnesses will be needed at trial, these factors

---

[2] Defendant also points out that Sister Philomena has sought premature discovery from Christian Brothers in the form of a Rule 30(b)(6) deposition, which will likely occur in Illinois. However, the fact that depositions or other pretrial discovery may be conducted outside the forum does not materially affect the analysis in this case, since there will likely be substantial discovery outside the forum regardless of the venue for the trial.

weigh against a transfer.

### 2. Public Interests Relevant to Transfer

The Court turns next to consideration of the public interest factors, including (1) the transferee forum's familiarity with the governing laws and the pendency of related actions in that forum; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Trout Unlimited v. U.S. Dep't of Agriculture*, 944 F. Supp. 13, 16 (D.D.C. 1996). This case involves a claim for breach of contract, and the contract issue provides that Illinois law shall govern. The Northern District of Illinois is more familiar with Illinois law than this Court, and therefore this factor weighs in favor of a transfer. The parties have not presented any evidence relating to the relative congestion of the calendars, and this Court has no reason to believe that either forum will be more efficient than the other. Accordingly, this factor does not weigh in favor or against a transfer. The third public interest factor, the local interest in deciding local controversies at home, does not weigh heavily in favor of either forum. Both the District of Columbia and Illinois have a local interest in resolving this dispute, as it involves an Illinois contract to insure a person residing in the District of Columbia.

In sum, the public interest factors weigh slightly in favor of a transfer to the Northern District of Illinois. Since the private interest factors weigh somewhat against such a transfer, the balance of all the factors does not support a transfer. Because the moving party bears the burden of establishing that a transfer is proper, the Court shall deny Defendant's motion to transfer venue based on the present record. If it appears later in the course of this litigation that the private interest factors may favor a transfer, Defendant may renew its motion at that time.

## III. CONCLUSION

For the foregoing reasons, the Court finds that venue is proper in the District of Columbia and that based on the present record, transfer is not in the interest of justice pursuant to 28 U.S.C. § 1404(a). Therefore, the Court shall DENY Defendant's [4] Motion to Transfer Venue to the United States District Court for the Northern District of Illinois. An appropriate Order accompanies this Memorandum Opinion.

Date: November 30, 2010

                                                  */s/*
                                        **COLLEEN KOLLAR-KOTELLY**
                                        United States District Judge